PINECREST, INC. *vs.* PLANNING BOARD OF BILLERICA.

Middlesex.   February 7, 1966. — March 4, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Subdivision Control.*

Where a town's planning board, within sixty days after submission to it
of a definitive subdivision plan, and after hearing, voted to disapprove
the plan and filed with the town clerk a "Certificate of Final Action"
merely stating "Disapproved — Improper Drainage," and failed to send
the applicant any notice of its action, it was held in an equity proceed-
ing by the applicant against the board under G. L. c. 41, § 81BB, that
notwithstanding the procedural errors of the board the plan did not
become constructively approved under § 81U, as amended through
St. 1960, c. 266, § 2, and that a decree of the Superior Court adjudging
that it did become constructively approved must be reversed and a decree
entered annulling the action of the board and remanding the matter to
the board for further consideration and action.

BILL IN EQUITY filed in the Superior Court on Decem-
ber 30, 1964.

The suit was heard by *Beaudreau, J.*

*P. Harold Ready,* for the defendant, submitted a brief.

*Richard K. Donahue* for the plaintiff.

WILKINS, C.J.   The defendant planning board disap-
proved a definitive plan of a proposed subdivision of
twenty-one and one-half acres of land of the plaintiff.
Upon the plaintiff's appeal by way of a bill in equity, filed
December 30, 1964, pursuant to G. L. c. 41, § 81BB (as
amended through St. 1957, c. 199, § 2),[1] a judge of the Supe-

---

[1] "Any person, whether or not a party to the proceedings, aggrieved by
. . . any decision of a planning board concerning a plan of a subdivision, or
by the failure of such a board to take final action concerning such a plan
within the required time . . . may appeal to the superior court sitting in
equity for the county in which the land concerned is situated; provided, that
such appeal is entered within twenty days after such decision has been re-
corded in the office of the city or town clerk or within twenty days after the
expiration of the required time as aforesaid, as the case may be, and notice
of such appeal is given to such city or town clerk so as to be received within
such twenty days. . . ."

rior Court ruled that the "certificate of final action" of the board filed with the town clerk was null and void, that the board failed to take final action within the time prescribed for the approval of the plan, and that the plan was, therefore, deemed to be approved.

These facts were found by the judge. The plan was filed with the board on October 20, 1964. At a hearing on November 17, 1964, the plaintiff presented engineering data as to drainage. There was testimony by the town public works administrator and town engineer that in his opinion the plan provided adequate drainage. No data to the contrary was submitted. On December 15, 1964, the board voted that the subdivision plan be disapproved for the following reasons: "(a) The plans of proposed drainage and the testimony of neighboring families indicate that severe flooding conditions will result from the construction of the subdivision in the proposed location. (b) The plans of proposed drainage show that an existing waterway within the subdivision would be used for disposal of surface water but that the waterway would then be diverted by culverts across and under a public way and then through other land of the subdivider into another existing waterway which according to the testimony of abutting families cannot adequately dispose of the water currently draining into and running through it."

On December 19, 1964, the sixty day period for disapproval expired. Two days earlier on December 17 the board filed with the town clerk a "Certificate of Final Action" dated December 15, which merely stated, "Disapproved — Improper Drainage." No notice was sent the plaintiff by registered mail as required by G. L. c. 41, § 81U (as amended through St. 1964, c. 105, § 2). This section provided, in part: "In the event of disapproval, the planning board shall state in detail wherein the plan does not conform to the rules and regulations of the planning board or to the recommendations of the health board or officer and shall revoke its disapproval and approve a plan which, as amended, conforms to such rules and regulations or rec-

ommendations. The planning board shall file a certificate of its action with the city or town clerk, a copy of which shall be recorded by him in a book kept for the purpose, and shall send notice of such action by registered mail, postage prepaid, to the applicant at his address stated on the application. . . . Failure of the planning board either to take final action or to file with the city or town clerk a certificate of such action regarding a plan submitted by an applicant within sixty days after such submission, or such further time as may be agreed upon at the written request of the applicant, shall be deemed to be an approval thereof.''

The board concedes procedural failures under § 81U, but contends that there was ''final action'' within the meaning of that section, with the consequence that the plan should not have been deemed to be approved, but should have been remanded to the board for proper action.

Although the plaintiff did not receive the notice required by statute, he was able to enter this bill in equity by way of appeal on December 30, 1964, which was within twenty days of the filing of the certificate with the town clerk on December 17, 1964. In this respect this case resembles *Pieper* v. *Planning Bd. of Southborough,* 340 Mass. 157, where the plaintiff, who had filed a definitive plan which received no public hearing, was sent a letter by first class, and not by registered, mail. The planning board also failed to file a certificate of action with the town clerk as required in § 81U, but did file with the town clerk a copy of its letter to the plaintiff. The bill alleged that the board, without the hearing required by § 81T, disapproved the plan. At page 162, it was said that the plaintiff ''where the informalities of the board's action affected only him, should not be heard to make the contention, inconsistent with the allegations of his bill, that this administrative action was not final board action.'' The holding was that the action of the board should be annulled and that the board should hold a public hearing (p. 164).

In the case at bar the board did conduct a hearing and did file with the town clerk its ''certificate of final action''

within sixty days of the submission of the plan.   The timely filing of this certificate distinguishes the disposition now to be made from that which was made in *Selectmen of Pembroke* v. *R. & P. Realty Corp.* 348 Mass. 120.   See in this regard the amendment of § 81U by St. 1960, c. 266, § 2.[1] The disapproval of the board here, however briefly shown in its certificate, not only gave the plaintiff the right to appeal to the Superior Court, but also prevented approval of the plan through the lapse of time without action.   *Doliner* v. *Planning Bd. of Millis,* 343 Mass. 1, 5.

The procedure of the defendant board was at best slipshod, but in spite of the several violations of the statute and of its rules and regulations the board did not blunder its way into a position where the plan became constructively approved.

We are asked to assess costs against the planning board under § 81BB[2] "for the reason that their action was both grossly negligent and in bad faith."   We shall not find that there was either at the present stage of the case.   We assume that the board is composed largely of unpaid laymen.

The final decree is reversed.   A new decree is to be entered (1) annulling the action of the board and (2) directing the board forthwith to give further consideration to the plaintiff's plan consistently with the statutes, the rules and regulations, and this opinion, and to take final action within sixty days from the date of the new decree.

*So ordered.*

---

[1] "Failure of the planning board *either* to take final action *or to file with the city or town clerk a certificate of such action* . . .."   (Italicized words added by St. 1960, c. 266, § 2.)

[2] The material provision is, "Costs shall not be allowed against the planning board or board of appeals unless it shall appear that such board acted with gross negligence or in bad faith."