PLANNING BOARD OF EASTON & another[1] *vs.* ROLF KOENIG & others.[2] December 22, 1981. This action brought by the planning board of Easton seeks to overturn the decision of the zoning board of appeals of Easton which permitted Rolf and Janice Koenig to build a dwelling on a lot they own in a subdivision in Easton. The Koenigs were refused a release from a subdivision covenant by the planning board on the basis that certain ways and services had not been provided in accordance with that board's rules and regulations. No appeal was taken from that decision. Instead, they applied to the building inspector for a building permit. A permit was denied on the basis that no release of the covenant had been granted by the planning board. The Koenigs then appealed from the building inspector's ruling to the zoning board of appeals which, after a hearing, issued a permit to build subject to specific conditions. Following the decision by the zoning board of appeals, the planning board commenced this suit. The Superior Court ordered the action dismissed on its merits and the planning board appeals, claiming that (1) the zoning board of appeals lacked jurisdiction and had no legal authority to issue a building permit, and, alternatively, (2) even if the board had jurisdiction, the evidence did not justify the granting of a building permit by it. We hold that the zoning board of appeals did not have jurisdiction to issue a building permit in this context and reverse the judgment of the Superior Court.

1. The Subdivision Control Law, as found in c. 41, §§ 81K-81GG, of the Massachusetts General Laws, is a "comprehensive statutory scheme," *Costanza & Bertolino, Inc.* v. *Planning Bd. of No. Reading,* 360 Mass. 677, 679 (1971), which sets forth in detail a means of regulating the subdivision of land. According to the statute, only the planning board and, in certain situations, the planning board of appeals, are authorized to determine whether a subdivision covenant has been satisfied so that a building permit may be issued. See G. L. c. 41, § 81Y. The zoning board of appeals, as such, is not authorized to make such decisions. See G. L. c. 40A, § 14. Cf. G. L. c. 41, §§ 81K-81GG. Since there was no showing that the zoning board of appeals was in fact designated to be a planning board of appeals pursuant to c. 41, § 81Z, and because counsel acknowledged at oral argument that no purpose would be served by remanding for such a determination, we need not decide whether the circumstances here were such that a planning board of appeals, acting pur-

---

[1] Kenneth N. Murphy.

[2] Janice Koenig and the Zoning Board of Appeals of Easton.

suant to § 81Y, would have been authorized to issue a building permit. We conclude only that the zoning board of appeals was without jurisdiction to grant a building permit to the Koenigs and that its decision to do so is void.

2. Because we hold that the zoning board of appeals had no jurisdiction to grant a building permit in this context, we do not reach the underlying merits of the Koenigs' position that the restrictions in the subdivision covenant were satisfied and a building permit should have been granted.

*Judgment reversed.*

*John Clark Wheatley* (*Robert Loring Reed* with him) for the plaintiffs.
*Gregory F. Galvin* for Rolf Koenig & another.
*Martyn H. Lincoln* for Zoning Board of Appeals of Easton.