PETER CRICONES, trustee,[1] *vs.* PLANNING BOARD OF
DRACUT.

No. 94-P-463.

Middlesex. March 22, 1995. - September 22, 1995.

Present: BROWN, JACOBS, & IRELAND, JJ.

*Subdivision Control*, Approval not required, Frontage on public way, Plan,
Planning board. *Words*, "Subdivision," "Lot."

A plan of land showing a division of the land into three parcels that, on the
    face of the plan, disavowed any claim of availability of two of the par-
    cels for building purposes did not constitute a subdivision plan within
    the meaning of G. L. c. 41, § 81L: the plan was entitled to an endorse-
    ment of "approval not required" by the planning board. [265-269]

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 16, 1991.

The case was heard by *Margaret R. Hinkle*, J., on a state-
ment of agreed facts.

*Judith E. Pickett* for the defendant.

*Roland L. Milliard* for the plaintiff.

JACOBS, J. The plaintiff appealed to the Superior Court
from the denial by the Dracut planning board of his applica-
tion for an endorsement of approval not required ("ANR").
A judge of that court ordered the entry of a judgment di-
recting the board "to endorse the plaintiff's plan in accor-
dance with the provisions of G. L. c. 41, [§] 81P."[2] The
board appeals from that judgment. We affirm.

_____

[1] The plaintiff is trustee of the Orchard Realty Trust.

[2] General Laws c. 41, § 81P, as appearing in St. 1963, c. 363, § 1, pro-
vides in pertinent part:

"Any person wishing to cause to be recorded a plan of land situated in a
city or town in which the subdivision control law is in effect, who believes
that his plan does not require approval under the subdivision control law,
may submit his plan to the planning board of such city or town in the

The plan submitted for ANR endorsement shows a division of the plaintiff's land in Dracut into three parcels, 3-57, 3-57-1, and 3-57-2.[3] These parcels have a common border with two parcels in Pelham, New Hampshire, owned by others. Parcels 3-57-1 and 3-57-2 do not have frontage on a way, and the plan contains notations that each is "not a building lot" and is "to be conveyed to" the owners of the adjacent New Hampshire parcel. For lot 3-57, the plan shows the proposed location of a house with access from a proposed easement across the adjacent New Hampshire parcel. The easement leads to LeBlanc Road (in Pelham, New Hampshire), which becomes Island Pond Road after crossing into Dracut. There it cuts across the western boundary of parcel 3-57, providing about twenty feet of frontage for the parcel in Dracut. Prior to the plaintiff's submission of the plan to the planning board, the Dracut board of appeals granted the plaintiff a variance from the applicable zoning by-law frontage requirement of 175 feet. The lack of sufficient frontage was cited by the planning board as the basis for its denial of the ANR endorsement.

The Superior Court judge determined that the plaintiff's plan "cannot be considered to be a subdivision plan within the meaning of [G. L. c. 41,] § 81L,"[4] because parcels 3-57-

manner prescribed in section eighty-one T, and, if the board finds that the plan does not require such approval, it shall forthwith, without a public hearing, endorse thereon or cause to be endorsed thereon by a person authorized by it the words 'approval under the subdivision control law not required' or words of similar import . . . . Such endorsement shall not be withheld unless such plan shows a subdivision. . . ."

[3]A simplified version of the plan is set out in the appendix.

[4]General Laws c. 41, § 81L, provides in pertinent part (as amended through St. 1965, c. 61): " 'Subdivision' shall mean the division of a tract of land into two or more lots and shall include resubdivision, and, when appropriate to the context, shall relate to the process of subdivision or the land or territory subdivided; provided, however, that the division of a tract of land into two or more lots shall not be deemed to constitute a subdivision within the meaning of the subdivision control law if, at the time when it is made, every lot within the tract so divided has frontage on (a) a public way or a way which the clerk of the city or town certifies is maintained and used as a public way, or (b) a way shown on a plan theretofore approved and endorsed in accordance with the subdivision control law, or (c) a way in existence when the subdivision control law became effective in the

1 and 3-57-2 are not buildable lots and that the plan, therefore, is entitled to an ANR endorsement. The board argues that this determination is erroneous because the plan cannot be so endorsed if no lot depicted has adequate frontage. We conclude that the judge's decision is correct.

Anyone who desires to record a plan of land in a city or town in which the subdivision control law (G. L. c. 41, §§ 81K-81GG) is in effect and believes that the plan qualifies for ANR treatment may submit it to the planning board of that city or town pursuant to G. L. c. 41, § 81P. Section 81P provides that an ANR endorsement "shall not be withheld unless such plan shows a subdivision." For purposes of the subdivision control law, a "subdivision" is defined in G. L. c. 41, § 81L, as "the division of a tract of land into two or more lots . . . ." See note 4, *supra.* A "lot" is defined as "an area of land in one ownership, with definite boundaries, used, or available for use, as the site of one or more buildings." G. L. c. 41, § 81L, inserted by St. 1953, c. 674, § 7. By expressly disavowing, on the face of the plan, any claim of availability of parcels 3-57-1 and 3-57-2 for building purposes, the plaintiff, in effect, submitted a plan of land that, notwithstanding its division into three parcels, did not constitute a subdivision under the subdivision control law because it did not represent a division of the land into two or more "lots." *Bloom* v. *Planning Bd. of Brookline*, 346 Mass. 278, 283-284 (1963). See *Perry* v. *Planning Bd. of Nantucket*, 15 Mass. App. Ct. 144, 156 (1983) ("The court [in *Bloom*] reasoned that a division of land into two parcels, one of which clearly could not be used for building under the zoning law, was therefore not a division into two 'lots' and, a fortiori, not

---

city or town in which the land lies, having, in the opinion of the planning board, sufficient width, suitable grades and adequate construction to provide for the needs of vehicular traffic in relation to the proposed use of the land abutting thereon or served thereby, and for the installation of municipal services to serve such land and the buildings erected or to be erected thereon. Such frontage shall be of at least such distance as is then required by zoning or other ordinance or by-law, if any, of said city or town for erection of a building on such lot, and if no distance is so required, such frontage shall be of at least twenty feet."

a subdivision"). See also Bobrowski, Massachusetts Land Use and Planning Law § 14.5.4 (1993) ("In *Bloom* v. *Planning Bd. of Brookline*, the Supreme Judicial Court created an exemption for those plans depicting only one 'lot' ").

"[T]he public's right not to be misled by endorsements on recorded plans," *Perry* v. *Planning Bd. of Nantucket, supra,* is well protected by the fact that the plaintiff's plan not only depicts two of its three parcels as landlocked and therefore without frontage but also clearly identifies each of those parcels as "not a building lot." See *id.* at 157. "The indication 'Not A Building Lot' is a customary method of stating the deficiency." Bobrowski, *supra* at 582 n.13.

Given the limited extent of its function when reviewing a single lot plan, the board's concern with the adequacy of the frontage of parcel 3-57 is misplaced. "In acting under § 81P, a planning board's judgment is confined to determining whether a plan shows a subdivision." *Smalley* v. *Planning Bd. of Harwich,* 10 Mass. App. Ct. 599, 604 (1980). See Eno & Hovey, Real Estate Law § 24.3 (3d ed. 1995) ("In exercising its powers under the subdivision control law, a planning board's first determination must be whether or not a plan presented to it shows a 'subdivision'. . . . [I]f a plan does not show a 'subdivision', a board may — or rather must — endorse the plan as not requiring subdivision approval, so that it may be recorded"). Had it been presented with a plan that ostensibly depicted a division of land into two or more "lots," each of which had sufficient frontage on a way so as to place the plan outside of the definition of a subdivision under § 81L, the board properly could have concerned itself with whether the frontage depicted was actual or illusory. *Gifford* v. *Planning Bd. of Nantucket,* 376 Mass. 801, 807-808 (1978). See *Corcoran* v. *Planning Bd. of Sudbury,* 406 Mass. 248, 250-251 (1989); *Fox* v. *Planning Bd. of Milton,* 24 Mass. App. Ct. 572, 574-575 (1987). Similarly, if the plaintiff's plan had depicted a subdivision rather than what is, in effect, a single lot under the subdivision control law, the board could have addressed the adequacy of the frontage of

any lot independent of the variance. *Seguin* v. *Planning Bd. of Upton*, 33 Mass. App. Ct. 374, 375-376 (1992).[5]

We do not share the board's concern that an ANR endorsement, of itself, imparts "buildable lot" status to parcel 3-57. "An endorsement under § 81P does not mean that the lots within the endorsed plan are buildable lots." *Lee* v. *Board of Appeals of Harwich*, 11 Mass. App. Ct. 148, 152 (1981). See *Smalley* v. *Planning Bd. of Harwich, supra* at 603-604; *Shea* v. *Board of Appeals of Lexington*, 35 Mass. App. Ct. 519, 522 (1993). Any lot depicted on an endorsed plan remains subject to all pertinent regulatory provisions other than the subdivision control law. See *Corcoran* v. *Planning Bd. of Sudbury*, 406 Mass. at 251-252. As contended by the plaintiff, an ANR endorsement may serve merely to permit the plan to be recorded, preliminary to the sale of the unbuildable parcels to the owners of the abutting land. See *Smalley* v. *Planning Bd. of Harwich, supra* at 604; G. L. c. 41, § 81X (regulating the recordation of plans of land in municipalities in which the subdivision control law is in force). See also *SMI Investors (Delaware), Inc.* v. *Planning Bd. of Tisbury*, 18 Mass. App. Ct. 408, 411 (1984). Moreover, in the circumstances of a single lot plan with frontage on a public way, there is no occasion for concern with the statutory objective of the subdivision control law of "regulating the laying out and construction of ways in subdivisions providing access to the several lots therein . . . ." G. L. c. 41, § 81M, inserted by St. 1953, c. 674, § 7.

---

[5]*Sequin* v. *Planning Bd. of Upton*, 33 Mass. App. Ct. at 375, treats a plan showing a division of land into two parcels, one of which did not meet the frontage requirement of the applicable zoning by-law, as showing a subdivision and thus requiring planning board approval. Apparently, nothing on the submitted plan indicated that the parcels could not be used for building, while in the case before us there are clear statements on the face of the plan that two of the parcels are not buildable. Similarly, in *Bloom* v. *Planning Bd. of Brookline*, 346 Mass. at 284, the plan in question "show[ed] that lot B [one of the two parcels depicted] is not an area which . . . can be built on." The *Bloom* court also noted that "[i]f the owners had proposed lot B as a lot for building, notwithstanding its deficiencies, the division of their parcel into two lots as shown on the plan would, of course, have been a subdivision." *Id.* at 283-284.

There is no merit to the board's contention that the judge failed to exercise independent judgment. The case was submitted for decision on stipulated facts and accompanying documentary exhibits which are reproduced in our record. Accordingly, we are able to review the case without reliance on any factual "findings" contained in the judge's decision.

*Judgment affirmed.*