Stanley W. Stefanick Sr., & others[1] *vs.* Planning
Board of Uxbridge & others.[2]

No. 94-P-1855.

Worcester. September 11, 1995. - November 17, 1995.

Present: Kass, Gillerman, & Lenk, JJ.

*Subdivision Control*, Decision of planning board, Approval not required.
*Limitations, Statute of. Practice, Civil*, Relief in the nature of certio-
rari. *Zoning*, Building inspector.

Discussion of the availability and nature of judicial review of a planning
board's endorsement on a perimeter plan, pursuant to G. L. c. 41,
§ 81P, that subdivision control approval was not required [420-423],
and discussion of the limitations period applicable to challenges to such
endorsements [423-424].

Judicial review of an endorsement under G. L. c. 41, § 81P, on a perimeter
plan that subdivision control approval is not required is pursuant to
G. L. c. 249, § 4, as appearing in St. 1973, c. 1114, § 289, and the
limitations period for seeking such review is sixty days, in accordance
with G. L. c. 249, § 4, as amended through St. 1986, c. 95. [424-425]

A Superior Court judge correctly dismissed as time barred a challenge to a
planning board's endorsement pursuant to G. L. c. 41, § 81P, on a pe-
rimeter plan that subdivision control approval was not required, where
the action was brought thirty-three months after evidence of construc-
tion activity on the locus became visible and more than eighteen months
after the plaintiffs first communicated to the planning board their chal-
lenge to the perimeter plan. [425]

In an action challenging a planning board's endorsement on a perimeter
plan that subdivision control approval was not required, the judge cor-
rectly ordered summary judgment in favor of the defendant building
inspector where there was nothing in the record to suggest that the
plaintiffs had requested the building inspector enforce the zoning by-
law and that the inspector had refused to take action. [425]

---

[1]Stanley W. Stefanick, Jr., and Henry Stefanick.
[2]Robert and Patricia Barry, individually, and the building inspector of
Uxbridge.

CIVIL ACTION commenced in the Superior Court Department on May 28, 1991.

The case was heard by *Daniel F. Toomey*, J., on a motion for partial summary judgment.

*Michael N. Abodeely, Jr.*, for the plaintiffs.

*Henry J. Lane* for the defendants.

KASS, J. Thirty-three months after evidence of construction activity on the locus (which we shall describe) became visible and eighteen and one-half months after they had documented their grievance about the endorsement on a perimeter plan of the locus by the planning board of Uxbridge under G. L. c. 41, § 81P, that subdivision control approval was not required, the plaintiffs, the Stefanicks, brought an action seeking a declaratory judgment that the locus did not front on a public way, from which it would follow that the § 81P endorsement was unlawful. A judge of the Superior Court, acting on a motion for summary judgment, ruled that the action of the Stefanicks was time barred insofar as it challenged the § 81P endorsement and the construction of a dwelling on one of the lots on the locus.[3] We affirm that judgment and shall attempt to draw guidelines for a timely challenge of a § 81P endorsement, often called an ANR (for "approval not required") endorsement.

These are the material and undisputed facts on which the motion judge acted. Patricia and Robert Barry on July 12, 1988, submitted to the planning board for ANR endorsement a perimeter plan showing three lots, each containing slightly over two acres and with frontage, in excess of that required by the Uxbridge zoning by-law, on a way called Landry Lane. That six-plus acre property is the one we have referred to as the locus. At its next meeting, on July 18, 1988, the planning board, having made a determination that Landry Lane was a public way, endorsed the Barrys's perimeter

---

[3]The summary judgment was partial as it left open the question whether an easement granted by the plaintiff to the Barrys had been overburdened, a question which in turn would evaporate were it determined that the way on which the locus fronted was a public one. The judge directed entry of a final judgment under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974).

plan. Minutes of a May 24, 1989, meeting of the planning board reflect that at the time of endorsement the preceding year, the board and the Barrys had agreed that the Barrys would improve Landry Lane "to DPW satisfaction." At a November 1, 1989, meeting, the board noted in its minutes that construction of Landry Lane had been completed, and that the Barrys were to receive a return of a $4,000 deposit they had made with the board to secure their obligation to improve Landry Lane. Before, during, and after this period, Robert Barry was a member of the planning board, but he did not cast a vote and left the meeting room whenever questions involving his property came before the board.

During this period, the Barrys also built a residence on the parcel designated Lot 1 on the endorsed perimeter plan. Construction activity on the locus must have been apparent to their neighbors, the Stefanicks, sometime before September 8, 1988, because on that date the building inspector certified that the foundation for the residence had been placed in accordance with law. Members of the Stefanick family lived on and farmed a property adjoining the locus and served by Landry Lane. Starting on November 16, 1989, the Stefanicks's lawyer and one of the Stefanicks launched a series of communications to the planning board which challenged the determination made by the board that Landry Lane was either a public way, used as a public way, or was a way which the board could categorize as having sufficient width, suitable grades, and suitable construction to provide for the needs of vehicular traffic in relation to the proposed use of the abutting land. See G. L. c. 41, § 81L. Correspondence and meetings between the plaintiffs and the board continued for considerably better than a year without change in the board's position. On May 28, 1991, the plaintiffs filed their complaint seeking, among other things, a declaration that the Barrys's § 81P plan showed a subdivision, as defined in G. L. c. 41, § 81L; i.e., that subdivision approval *was* required.

Section 81P is singular in that it provides for judicial review if a planning board determines that subdivision ap-

proval *is* required and, therefore, refuses the sought after § 81P endorsement but makes no provision for review if ANR endorsement is allowed.[4] See, e.g., *Cricones* v. *Planning Bd. of Dracut*, 39 Mass. App. Ct. 264 (1995). The mechanism for review prescribed in § 81P is that contained in G. L. c. 41, § 81BB, as amended by St. 1982, c. 533, § 2, which provides that a person aggrieved by a "decision of a planning board concerning a plan of a *subdivision* of land" (emphasis supplied) may appeal within twenty days after the decision has been recorded in the office of the city or town clerk. The short statute of limitations is consistent with a policy of limiting the period for appeals from planning board or board of appeal decisions in land use cases. *Korkuch* v. *Planning Bd. of Eastham*, 26 Mass. App. Ct. 307, 309 (1988). See also *Capone* v. *Zoning Bd. of Appeals of Fitchburg*, 389 Mass. 617, 622-624 (1983). As the planning board's refusal of a § 81P endorsement will be known to the party who requested it, and as the filing with the municipal clerk acts as constructive notice to the rest of the world, the short statute of limitations is not unfair.[5]

If, however, the planning board determines that a plan does not disclose a subdivision and makes a § 81P endorsement on the plan, there are no provisions for notice to interested persons, a hearing (indeed, the statute provides that the planning board shall act without a public hearing), or for any filing of the board's action with the town or city clerk.[6]

---

[4]In pertinent part, § 81P, as amended through St. 1987, c. 122, provides: "If the board shall determine that in its opinion the plan requires approval, it shall within twenty-one days of such submittal, give written notice of its determination to the clerk of the city or town and the person submitting the plan, and such person may submit his plan for approval as provided by law and the rules and regulations of the board, or he may appeal from the determination of the board in the manner provided in section eighty-one BB."

[5]Similarly, in what constitutes the preponderance of activity under § 81BB, appeals from actions of a planning board on subdivision plan submissions, interested parties will have had notice of the proposed subdivision plan and meetings of the planning board at which the plan is to be considered. G. L. c. 41, § 81T.

[6]If a planning board fails to act on the submission of a plan for endorsement under § 81P for twenty-one days, the board shall be "deemed to have

Bobrowski, Massachusetts Land Use & Planning Law § 16.1.1 (1993). The party seeking endorsement must, under G. L. c. 41, § 81T, give written notice to the town or city clerk of the submission of a plan for a determination that approval is not required.[7] For a planning board, the determination whether a perimeter plan qualifies for an endorsement that approval under subdivision control law is not required is a mechanical exercise, see *Smalley* v. *Planning Bd. of Harwich*, 10 Mass. App. Ct. 599, 602-604 (1980), a characteristic consistent with the absence of notice requirements. Yet a § 81P endorsement is not impervious to judicial review. *Lee* v. *Board of Appeals of Harwich*, 11 Mass. App. Ct. 148, 151 (1981). See *Bloom* v. *Planning Bd. of Brookline*, 346 Mass. 278, 283 (1963). For adjoining landowners, such an endorsement may be consequential. It could result in more intensive use of the land shown in the § 81P plan or may freeze zoning by-laws applicable to that land for a period of three years. G. L. c. 40A, § 6.

The Superior Court judge in the instant case decided that § 81BB must be the avenue of judicial review from the grant of a § 81P endorsement as well as the denial of one. In that regard he had support in decisions which seem to assume the availability of § 81BB review of a § 81P endorsement, although in those cases that issue was not squarely confronted. See *Carey* v. *Planning Bd. of Revere*, 335 Mass. 740, 743-745 (1957); *Bloom* v. *Planning Bd. of Brookline*, 346 Mass. at 283; *Gifford* v. *Planning Bd. of Nantucket*, 376 Mass, 801, 802 n.3 (1978). See discussion in *Cassani* v. *Planning Bd. of Hull*, 1 Mass. App. Ct. 451, 457 n.4 (1973). It is perhaps possible to overcome the literal barrier in the statutory scheme (the provision for an appeal under § 81BB only

---

determined that approval under the subdivision control law is not required, and it shall forthwith make such endorsement on said plan." Should the board still fail to make the requisite endorsement, "the city or town clerk shall issue a certificate to the same effect."

[7]We pass over a semantic flaw in § 81T. It pertains to persons submitting a "definitive plan of land" a term of art generally understood to mean a fully detailed subdivision plan, whereas an "approval not required plan" is only a perimeter plan.

when a planning board *refuses* a § 81P endorsement and the more general limitation within § 81BB to action relating to subdivisions) by reasoning that a determination that a plan does *not* show a subdivision is in a negative sense a "decision of a planning board concerning a plan of a subdivision of land." G. L. c. 41, § 81BB. In practical application, that reasoning is somewhat unsatisfactory. First, it requires torturing the statutory language; second, the requirement of G. L. c. 41, § 81T, that a person submitting a plan for § 81P endorsement send written notice of so doing to the clerk of the municipality, produces, at best, a measure of constructive notice to potentially interested persons of the submission of a plan for § 81P endorsement. As the process of a § 81P endorsement is unaccompanied by requirements of public hearing or notice of action by the board, the twenty-day limitations period for seeking review under § 81BB is likely to have run out before a person who may be aggrieved by the § 81P endorsement learns that the endorsement has occurred. The right of judicial review spoken of in the cases would in many instances be illusory.

Yet, consistent with the policy for speedy resolution previously adverted to, there must be a limitations period for challenges to § 81P endorsements. The permissible expedient of a complaint for declaratory judgment or for equitable relief (e.g., to expunge a § 81P endorsement) does not suspend the application of statutes which limit the time for judicial review. *Board of Appeals of Rockport* v. *DeCarolis*, 32 Mass. App. Ct. 348, 352 (1992), and cases cited. There is in the subdivision control law, at G. L. c. 41, § 81Y, fourth par., a one-year limitation period for actions to enforce the provisions of the subdivision control law by a planning board or by ten taxable inhabitants of the municipality concerned. The Stefanicks, obviously, are neither a planning board nor ten taxpayers, but the question occurs whether the one-year limitations period of § 81Y might be applied as a yardstick for what is a reasonable period for challenges to § 81P endorsements. That hypothesis was implicitly rejected in *Carey* v. *Planning Bd. of Revere*, 335 Mass. at 742-743, and explicitly

rejected in *Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket*, .5 Mass. App. Ct. 206, 212-213 (1977), in which we observed that the use of § 81Y to attack decisions (in that case an approval under § 81U) of a planning board would effectively nullify the statutory design of the subdivision control law to advise third persons after specified and relatively brief time intervals whether and how they might deal with land as to which a planning board had acted. See Bobrowski, *supra* at § 16.1.1. Section 81Y most frequently comes into play when persons fail to comply with conditions imposed on a subdivision by a planning board. See *Planning Bd. of Easton* v. *Koenig,* 12 Mass. App. Ct. 1009 (1981); *SMI Investors (Del.), Inc.* v. *Planning Bd. of Tisbury,* 18 Mass. App. Ct. 408, 413 (1984); Bobrowski, *supra* at § 16.2.

In the absence of a statutorily prescribed right of judicial review of a § 81P endorsement on a plan, the review, whether framed as a declaratory judgment action or one seeking injunctive relief, is in the nature of certiorari. What the plaintiffs seek is correction of an error "in proceedings which are not according to the course of the common law" and are not "otherwise reviewable by motion or by appeal." G. L. c. 249, § 4, as appearing in St. 1973, c. 1114, § 289. *MacDonald* v. *Board of Health of Braintree,* 347 Mass. 76, 77-78 (1964). The limitations period for bringing a complaint in the nature of certiorari is "within sixty days next after the proceeding complained of." G. L. c. 249, § 4, as amended through St. 1986, c. 95. As applied to the submission of plans that are endorsed as not requiring subdivision approval, the proceeding would have concluded, and the sixty-day period would have begun to run on the date the § 81P endorsement is made. Not only does certiorari best fit the nature of the judicial review applied in cases of § 81P endorsement, but the sixty-day limitations period suits the need for expedition inherent in the subdivision control law with, nevertheless, a modicum of opportunity for the interested party to become aware that the planning board has made such an endorsement and, to seek judicial review. See Bobrowski, *supra* at § 16.1.1. To interested parties who have

received no notice of board action and, before that, had no opportunity to be heard, the right to claim review within sixty days of plan endorsement may still, as a practical matter, not count for very much because of the probability that time will have run out before such persons are aware there is something for them to be concerned about. Fashioning a solution for that difficulty, however, is properly a legislative task, rather than a judicial one.

In the case at bar, the plaintiffs are tardy by a wide margin in testing the lawfulness of the § 81P endorsement under the sixty-day test. The entry of judgment in favor of the planning board and the Barrys, individually, as to that endorsement was correct. Although a § 81P endorsement does not mean that the lots shown on the endorsed plan are buildable lots, *Cricones* v. *Planning Bd. of Dracut*, 39 Mass. App. Ct. at 268, the Superior Court judge rightly granted summary judgment in favor of the building inspector of Uxbridge. To the extent that an action might be maintained against the building inspector it would be on the theory that the inspector had failed to enforce zoning or building regulations. Nothing in the record suggests that the Stefanicks ever made written request of the building inspector to enforce the zoning by-law (assuming it had been violated) and that the building inspector had refused to take enforcement action. See G. L. c. 40A, § 7. Having asked nothing and received nothing from the building inspector, the Stefanicks could not and did not take the next step of appealing to the board of appeal in Uxbridge from an adverse determination of the building inspector. G. L. c. 40A, § 8. No action lies against a building inspector to compel enforcement of zoning by-laws until the question has been determined at the local administrative level. *Neuhaus* v. *Building Inspector of Marlborough*, 11 Mass. App. Ct. 230, 231-235 (1981).

*Judgment affirmed.*