Toomey, J.
Plaintiffs (“Liberty” and “Wildwood”) filed a complaint requesting this court to review a decision by the Leominster Planning Board to approve a site plan. Defendant Leominster Materials Corporation (“LMC”) was named as a defendant in the instant complaint because LMC, as the original petitioner before the Planning Board for the site plan approval, is required by G.L.c. 40A, §17 to be joined as a party. LMC now moves for dismissal, alleging a lack of jurisdiction with respect to Wildwood and failure to state a claim upon which relief may be granted with respect to both Wildwood and Liberty. For the reasons stated infra, LMC’s motion to dismiss is allowed.
BACKGROUND
Leominster Materials Corporation (“LMC") owns property in the town of Leominster. On August 10,1995, LMC filed a site plan with the Leominster Planning Board. The Planning Board gave its approval to the site plan on September 5,1995. Liberty Commons Realty Trust (“Liberty”), which owned property adjacent to LMC’s, was unhappy with the approval and appealed the decision to the Leominster Zoning Board of Appeals (“ZBA”). The Board of Appeals convened a meeting on November 29, 1995, to address Liberty’s appeal; however, at the commencement of the meeting, an objection was raised by LMC as to the ZBA’s authority to hear the appeal. After a vote of 3 to 2, the ZBA decided that it lacked jurisdiction to review the Planning Board’s approval of the plan, and the matter was adjourned. Liberty, joined by Wildwood *167 Realty Trust (“Wildwood”), brought this action in the Superior Court seeking to overturn the ZBA’s denial of jurisdiction and to remand the matter back to the ZBA for a full appellate hearing upon the Planning Board’s action approving the site plan.
DISCUSSION
Defendant contends that the plaintiffs have failed to state a claim for which relief may be granted. When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P 12(b)(6), this court accepts as true the well-pleaded factual allegations of the complaint, and any inferences which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “|The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
“[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). Further, a complaint will not be dismissed simply because it asserts a new or extreme theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988); Jenkins v. Jenkins, 15 Mass.App.Ct. 934 (1983); Bell v. Mazza, 394 Mass. 176 (1985). All inferences will be drawn in the plaintiffs favor. Ourfalian v. Aro Mfg. Co., Inc., 31 Mass.App.Ct. 294, 296 (1991). Notwithstanding those anti-dismissal principles, the circumstances of the matter at bar require that dismissal be ordered.
Defendant LMC argues that a remand to the Leominster Zoning Board of Appeals will be ineffectual because the ZBA lacks subject matter jurisdiction to hear the appeai from the Planning Board’s approval of the plan. Thus, defendant argues, this court can provide no effective remedy for the plaintiffs. The narrow question presented by this dispute requires an analysis of the jurisdiction of a Zoning Board of Appeals to hear an appeal of a site plan approval.
A zoning board of appeals is defined as a “permit granting authority” by G.L.c. 40A, §1A. A permit granting authority has jurisdiction to hear claims under G.L.c. 40A, §8 from a person “aggrieved by an order or decision of... [an] administrative official.” An important determination for the case at bar is whether the approval by the Planning Board of the site plan was an “order or decision” as contemplated by the statute. Both parties concede that a denial of the site plan would be an “order or decision,” but they disagree as to whether an approved is included within the statute’s appellate perspective.
The decisions relating to site plans involve appeals from their denial. See, e.g., McDonald’s Corporation v. Town of Seekonk, 12 Mass.App.Ct. 351 (1981); Prudential Insurance v. Board of Appeals of Westwood, 18 Mass.App.Ct. 632 (1984). There is no appellate case law addressing the approval of a site plan by a planning board and the right to appeal that approval to a zoning board. There is, concededly, case law recognizing an appeal of an approval of a site plan to the land and superior courts where the planning board has acted in the capacity of a “special permit granting authority.” See Quincy v. Planning Board of Tewksbury, 39 Mass.App.Ct. 17 (1995). But, that right to judicial review cannot be enlarged by this court to provide a right of administrative review by a ZBA. Cf., Stefanik v. Planning Board of Uxbridge, 39 Mass.App.Ct. 418 (1995) (the specific language of G.L.c. 41, §8 IP only allowed judicial review for the denial of the endorsement of a subdivision plan, thereby leaving as the only remedy available to challenge the approval of an endorsement the certiorari statute, G.L.c. 249, §4).
With respect to the case at bar, there exists no specific language, in either G.L.c. 40A, §8 or in the Leominster by-laws, which provides authority for the Zoning Board of Appeals to review approvals of site plans. Absent specific language allowing an appeal for approvals of plans and following the reasoning in Stefanik and other cases which have refused to expand the powers of a Zoning Board of Appeals beyond those statutorily provided (see, e.g., Bradshaw v. Board of Appeals of Sudbury, 346 Mass. 558 (1963) (zoning board cannot review granting of liquor license by board of selectmen)), this court holds that the Leominster Zoning Board of Appeals has no authority to hear appeals from the decision of the Planning Board approving the site plan. Therefore, the remedy sought by plaintiffs — to wit, remanding the case to the Zoning Board of Appeals for further review — would be ineffective. Plaintiffs have, accordingly, failed to present a claim upon which relief can be granted, and the complaint will be dismissed.[2]
ORDER
For the foregoing reasons, the court ORDERS that the defendant’s motion is ALLOWED and the complaint is DISMISSED.

 The defendant LMC also suggests that this court lacks jurisdiction to hear the claims brought by Wildwood as Wild-wood was not a party to the appeal of the site plan approval to the Zoning Board of Appeals. Thus, LMC states that Wildwood is not a “party aggrieved” by the Zoning Board of Appeals’ actions and this court lacks jurisdiction to hear Wildwood’s claim under Mass.R.Civ.P. 12(b)(1). Because this court finds that both plaintiffs have failed to state a claim upon which relief can be granted, there is now no occasion to address the jurisdictional question of whether Wildwood is a proper party to this suit.