Wilkins, Douglas H., J.
This case started as a dispute between buyers of a new residence, namely plaintiffs Evlyn and Gordon Schultz (collectively, “Schultz”), and their builders, the defendants, Spencer Circle Realiy Trust and Health Care Resources Group, Inc. (collectively, “Builder”). Counts I-VI of the Complaint, which are the subject of a separate summary judgment motion, concern the Builder’s alleged negligence and non-compliance with a purchase and sale agreement, and alleged negligence and requirements imposed by the Wayland Planning Board (“Board”) during subdivision approval.
By amended complaint, Schultz asserted Count VII against the Board and the Town of Wayland (“Town”), seeking a declaratory judgment that the Board misinterpreted the Town bylaw and its own subdivision control regulations and tree planting specifications by allowing the Builder to plant Bradford Pear trees instead of “suitable shade trees.” The Town and the Builder have moved for summary judgment on Count VII on the ground that the six-month delay between the Board’s determination in February 23, 2007 and the filing of the complaint on August 24, 2007 makes the claim untimely. Schultz opposes the motion. After hearing and detailed consideration of the papers, the Court concludes that Count VII was indeed untimely and ALLOWS the defendants’ motion for summary judgment on Count VII.
BACKGROUND
On November 24, 2006, the plaintiff, Gordon N. Schultz, sent a letter to the Board. He characterizes the letter in his response under Superior Court Rule 9A(b)(5) as “a ‘position paper’ by the Plaintiffs as to the outstanding items by which the Plaintiffs hoped to convince the Board to take steps to enforce the developers’ compliance with (i) the requirements of certain Subdivision Rules and Regulations as construed by the Plaintiffs; and (ii) certain undertakings that the Board itself had imposed upon the developers as conditions to the Board’s approval of the Definitive Subdivision Plan.” The letter’s final two paragraphs concluded:
In our view, the Board has the power to become proactive about this matter with the developer. This is the posture appropriate to this circumstance, given that the Board chose to return $43,000.00 [previously held in escrow to ensure compliance with the subdivision conditions] to the developer when it knew that the developer had no right to remove the trees and that there was no agreement with us to do so.
In closing, and as we suggested at the conclusion of the November 6, 2006 meeting, we believe that it is incumbent upon the Board to discuss these matters with Town Counsel and determine the panoply of rights which the Board may have against the developer. These could include seeking (1) the return of the $43,000.00 or (2) the damages that may be suffered by the Town in effecting his compliance. We do not believe that the developer has the desire to spend the time, energy and financial resources to defend such an action—to say nothing of the notoriety which may come from it. Hopefully, he would be responsible enough to respond to requests from the Town so long as the Town indicated its- intention to mandate his cooperation, if necessary.
The plaintiffs letter was .part of an ongoing discourse with the Board over the developer’s alleged non-completion of the subdivision. .
The Board responded to Mr. Schultz by letter dated February 23, 2007 (“February 23 letter”) stating, among other things, that the pear trees planted by the developer complied with the rules and regulations and the “Tree Spec’s” [sic]. The Board declined to take the requested action.
The plaintiffs filed this lawsuit against Vincent Gateley, both individually and as Trustee and Health Care Resources Group, Inc. on August 24, 2007. On November 25, 2008, this court (Fremont-Smith, J.) allowed the Plaintiffs’ Motion to Amend the Complaint to add the Town as a defendant and to assert Count VII for declaratory relief against the Town and the defendant developers. Prior to moving to amend the complaint in this case, the plaintiffs did not appeal from or otherwise seek judicial rteview of the Board’s statement in the February 23 letter that the developer had complied with the applicable rules and regulations and the “Tree Spec’s.” I assume for purposes of this motion that Count VII relates back to the original filing of this case on August 24, 2007. See Mass.R.Civ.P. 15(c).
*94 DISCUSSION
In their joint motion, the Town and Builder argue that the declaratory judgment count is untimely under the 20-day appeal period of G.L.c. 41, §81BB or, in the alternative, the 60-day appeal period of the certiorari statute, G.L.c. 249, §4. Surprisingly, there appears to be no clear authority on the proper avenue, if any, for challenging a determination like the Februaiy 23 letter, but the complaint is untimely no matter which statute applies.
The relevant portion of G.L.c. 41, §81BB provides:
Any person . . . aggrieved ... by any decision of a planning board concerning a plan of a subdivision of land, or by the failure of such a board to take final action concerning such a plan within the required time,![1]] may appeal to the superior court . . . provided, that such appeal is entered within twenty days after such decision has been recorded in the office of the . . . town clerk or within tweniy days after the expiration of the required time as aforesaid, as the case may be . . .
On its face the statute’s operative phrase—"any decision of a planning board concerning a plan of a subdivision of land"—is very broad. The words “any” and “concerning” could encompass virtually any decision that refers in some way to a subdivision plan. However, the words cannot be viewed in isolation from the operative word “decision,” the scope of which is unclear. A “decision” may or may not encompass every determination the Board makes.
The context strongly suggests that the Februaiy 23 letter is not the type of “decision” to which §8IBB applies. Section 8 IBB requires plaintiffs to enter their appeals within 20 days after recording of the decision in the town clerk’s office. If §8IBB applied to decisions that need not be filed in the town clerk’s office, then the 20-day post-filing period would never commence. That would yield a perverse result: that such decisions could be appealed at any time, perhaps years later. See Marinelli v. Board of Appeals of Stoughton, 440 Mass. 255, 259-60 (2003) (avoiding an interpretation that' “would generate irregular and inequitable results . . .”). Notwithstanding the statute’s obvious policy of establishing finality—by imposing the 20-day limit-such a construction could subject participants in the subdivision process to uncertainly without end. See Kitras v. Zoning Adm’r of Aquinnah, 453 Mass. 245, 252-54 (2009), quoting Selectmen of Pembroke v. R.&P. Realty Corp., 348 Mass. 120, 125 (1964) (The legislature intended the subdivision control law to “set up an orderly procedure for definitive action within stated times, and for notice of that action in offices of record within stated times, so that all concerned may rely upon recorded action or the absence thereof within such times”). Accord, Murphy v. Planning Bd. of Hopkinton, 70 Mass.App.Ct. 385, 391 n.6 (2007). Sensibly construed, §8 IBB applies only to those decisions that must be filed in the Town Clerk’s office (and perhaps those that in fact are filed there, whether or not required).[2] In this case, there is no contention that the Board ever filed the Februaiy 23 letter in the Town Clerk’s office. Nor is there any argument that any statute required filing it with the Town Clerk. While §8 IBB may not be as narrow as the plaintiffs suggest,[3] I do agree with them that the 20-day deadline in that statute does not apply to the determinations contained in the February 23 letter.[4]
The Town’s alternative argument fares better. Under G.L.c. 249, §4:
A civil action in the nature of certiorari to correct errors in proceedings which are not according to the course of the common law, which proceedings are not otherwise reviewable by motion or by appeal, may be brought in the . . . superior court or, if the matter involves any right, title or interest in land, or arises under or involves the subdivision control law ... or subdivision ordinances, by-laws or regulations, in the land court. Such action shall be commenced within sixty days next after the proceeding complained of.
The deadline for filing a certiorari claim does not turn upon filing with the Town Clerk. Rather, it runs “after the proceeding complained of.” Here, there is no suggestion that the proceeding continued after the February 23 letter, which on its face appears to be a final determination of the issue raised by Mr. Schultz. Indeed, Count VII depends on an actual controversy, which would not exist if any additional proceedings remained for determination. See Walpole v. Secretary of the Executive Office of Envtl. Affs., 405 Mass. 67, 72 (1989) (“A declaratory judgment action is premature until the [agency] has concluded the administrative process by taking final action ...”).
The parties strenuously disagree whether certiorari lies to review the Februaiy 23 letter. If it does, then Count VII must be dismissed, because the Februaiy 23 letter preceded the commencement of this action by more than six months.
“To obtain certiorari review of an administrative decision, one must show‘(l) ajudicial or quasi judicial proceeding: (2) a lack of all other reasonably adequate remedies: and (3) a substantial injuiy or injustice arising from the proceeding under review.’ ” School Comm. of Hudson v. Board of Educ., 448 Mass. 565, 576 (2007), quoting Warren v. Hazardous Waste Facility Site Safety Council, 392 Mass. 107, 117 (1984), quoting Boston Edison Co. v. Selectmen of Concord, 355 Mass. 79, 83 (1968). For the sake of argument, I assume the truth of the plaintiffs’ allegations that they are intended beneficiaries of the shade tree requirement and that this suffices to meet the third prong.
There is no question that a planning board proceeding on subdivision plan approval “is quasi judicial in nature.” Krafchuk v. Planning Bd. of Ipswich, 453 Mass. 517, 532 (2009). The question here is what happens after approval. At that point, the Board re *95 tains authority to ensure compliance with its decision and applicable rules and regulations, much as a court might retain jurisdiction in a case to ensure compliance with its orders in a lawful manner. There is no reason why the Board’s ongoing, post-approval decisions regarding a particular subdivision would lose their quasi-judicial character as the developer moves into the implementation phase. Though phrased as a request for the Board to “become proactive,” Mr. Schultz’s November 24, 2006 letter simply asks the Board to apply the law (its regulations) to the facts (the approved subdivision plan and the implementation thereof). The Board’s February 23 letter did just that: “It is the Board’s determination that the pear trees planted by Vincent Gately ... in the Spencer Circle Subdivision comply with the Rules and the Tree Spec’s.” This determination was quasi-judicial in nature, occurred as part of the Board’s quasi-judicial proceeding and therefore satisfied the first prerequisite for certiorari review.
The courts have applied certiorari review in comparable situations. Stefanick v. Planning Bd. of Uxbridge, 39 Mass.App.Ct. 418 (1995), rev. den., 422 Mass. 1104 (1996). See also Kitras, 453 Mass. at 256-57 and n.19 (applying 60-day limitations period for certiorari to the Martha’s Vineyard Commission’s designation of a district of critical planning concern, under a statute that did not require individual notice to affected landowners and provided for a “public hearing” pursuant to G.L.c. 30A, §2, which applies to the adoption of state regulations): Balcam v. Hingham, 41 Mass.App.Ct. 260, 264, rev. den., 423 Mass. 1111 (1996) (denial of waiver from setback requirements of wetlands bylaw). But see O’Donnell v. Board of Appeals of Billerica, 349 Mass. 324, 327 (1965) (certiorari not available to review decision whether to relax by-law requirement, as the decision was not quasi judicial).
Stefanick is most closely on point. There, the Court applied the 60-day limitations period for filing certiorari in a case challenging a planning board’s determination under G.L.c. 41, §8 IP, that subdivision control approval was not required (“ANR endorsement”). Stefanick, 39 Mass.App.Ct. at 424-25. ANR endorsements do not require notice, hearing or filing with the town clerk. Id. at 421. See G.L.c. 41, §8 IP (filing with the town clerk only if ANR endorsement is denied; certificate of the town clerk only if the board fails to act within the statutory deadline). While rejecting the trial court’s view that §8 IBB provided for judicial review of ANR endorsements, the Court noted the statutory “policy of limiting the period for appeals from planning board or board of appeal decisions in land use cases.” Stefanick, 39 Mass.App.Ct. at 421. It stated that “consistent with the policy for speedy resolution previously adverted to, there must be a limitations period for challenges to §8IP endorsements.” Id, at 423. After rejecting the potential application of G.L.c. 41, §81Y, the Court concluded that certiorari jurisdiction existed and that G.L.c. 249, §4, set the statutory limitations period, as no other statute authorized judicial review of ANR endorsements. Id. at 424-25. Tire present case involves a similar role of the Board and therefore meets the requirement of a quasi judicial proceeding.
That leaves the question whether alternative remedies to certiorari exist. Apart from §81BB, section 81Y of G.L.c. 41 provides the only apparent alternative statutory basis for non-certiorari review. The plaintiffs do not and could not argue jurisdiction under §81Y. They do not meet the requirement that suit be brought by “ten taxable inhabitants” of the town—a jurisdictional requirement which ensures some breadth of interest and concern, as well as some level of general concurrence in the position asserted, before private citizens may act as private attorneys general. See generally Litton Business Sys., Inc. v. Commissioner of Revenue, 383 Mass. 619, 622-23 (1981); LeClair v. Norwell, 430 Mass. 328, 331-32 (1999). For that reason, I do not treat §81Y as a remedy available to plaintiffs who, like the Schultzes, claim individual aggrievement. Even if that statute did provide an alternative avenue to certiorari,[5] Count VII would have to be dismissed for failure to meet the numerosity requirement.
I reject the plaintiffs’ argument that certiorari is not available because the declaratory judgment act provides a remedy. The declaratory judgment act does not confer subject matter jurisdiction or standing. Enos v. Secretary of Envtl. Affairs, 432 Mass. 132, 135 (2000); Pratt v. Boston, 396 Mass. 37, 42-43 (1985). To be sure, that rule refers to the general jurisdiction of the court (Villages Dev. Co. v. Secretary of the Executive Off. of Envtl. Affairs, 410 Mass. 100, 109-10 (1991)), but a corollary principle is that a plaintiff may not use a declaratory judgment action to circumvent jurisdictional deadlines imposed by the legislature upon the type of claims at issue. See Iodice v. Newton, 397 Mass. 329, 333-34 (1986).[6] In particular, a declaratory judgment claim does not cure the timeliness and numerosity problems identified above. Stefanick, 39 Mass.App.Ct. at 423 (“The permissible expedient of a complaint for declaratory judgment. . . does not suspend the application of statutes which limit the time for judicial review”). See Povey v. School Comm. of Medford, 333 Mass. 70, 71-72 (1955) (declaratory judgment did not supersede provisions of G.L.c. 29, §63 (taxpayer suits against the Commonwealth)). Plaintiffs seeking a declaratory judgment must therefore show that their claim is timely and otherwise viable under G.L.c. 41, §81BB, the certiorari statute, §81Y or some other applicable statute.
The plaintiffs rely most heavily upon Woods v. Newton, 349 Mass. 373 (1965), but that decision does not save Count VII. For one thing, it predated the enactment of the 60-day limitations period for certio-rari cases. See St. 1986, c. 95, approved June 16, *96 1986. The case presented no timeliness issue under the then-applicable two-year limitations period, as the plaintiff filed suit one day after the last action complained of and 43 days after the earliest vote.[7] Nothing in Woods or any other case cited by Schultz suggests that a plaintiff may avoid the deadline for filing a certiorari case (or the numerosity requirement under §81Y] by styling the cause of action as one for declaratory relief. The later-decided cases cited above establish the contrary rule.
In short, here, as in Stefanick, 39 Mass.App.Ct. at 424, “whether framed as a declaratory judgment action or one seeking injunctive relief,” Count VII “is in the nature of certiorari.” As such, it was not brought within the 60-day appeals period and must be dismissed.
ORDER
For the above reasons, the Court ALLOWS Defendants’ Joint Motion for Summary Judgment as to the Plaintiffs’ Seventh Cause of Action.

The “required time” refers to the time within which the Planning Board must act upon an application for approval of a subdivision approval or be deemed to have granted constructive approval. See G.L.c. 41, §81U. See also Craig v. Planning Bd. of Haverhill, 64 Mass.App.Ct. 677, 680-81 (2005) (constructive approval of subdivision plan triggers running of appeal period).

It is not necessary to decide whether §8IBB applies to a letter that was—but need not be—filed with the Town Clerk.
A strong argument exists for a negative answer, because, otherwise, an unanticipated filing could catch the aggrieved party by surprise in circumstances where that party would have no good reason to check the Town Clerk’s files.

Schultz states that §8IBB applies only to “Planning Board decisions that relate to either (i) the approval, denial, modification, or rescission of definitive subdivision plans themselves and/or (ii) to the propriety of covenants or waivers imposed or granted by a Planning Board in connection with the approvals of such Plans ...” There is no need in this case to decide whether other types of decisions filed with the clerk may trigger the statute.

Ironically, the Town's motion would be denied if it were correct that §8 IBB applies, because the 20-day appeals period would never have started running, in the absence of. proof that the Board filed its February 23 letter in the Town Clerk’s office. Cf. Kitras, 453 Mass. at 253-54 (zoning freeze under G.L.c. 40A, §6 never began to run in the absence of a Board decision or clerk’s certificate in the Town Clerk’s office).

Where applicable, §81Y confers jurisdiction upon this court “to review any action of any municipal board ... in disregard of the provisions of this section . . . and otherwise to enforce the provisions of the subdivision control law and any rules or regulations lawfully adopted and conditions on the approval of a plan lawfully imposed thereunder . . .”

A number of cases confirm the jurisdictional nature of such deadlines in the land use context. See, e.g., O’Blenes v. Zoning Bd. of Appeals of Lynn, 397 Mass. 555, 558 (1986); Nantucket Land Council, Inc. v. Planning Bd. of Nantucket 5 Mass.App.Ct. 206, 208-11 (1977).

The evolution of the certiorari statute shows an ever-increasing legislative concern with the promptness of challenges to administrative action. The legislature cut the original six-year limitations period to two years by St. 1943, c. 374, §1, approved June 1, 1943, before the more recent reduction to 60 days. It is also true that Woods considered zoning questions under a statute that was superseded by St. 1975, c. 808, §3, which enacted the current zoning enabling act. It is not necessary to explore the ramifications of (hat chronology to reach a decision here.