KAY-VEE REALTY COMPANY, INC. *vs.*
TOWN CLERK OF LUDLOW.

Hampden.    October 30, 1968. — January 7, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Subdivision Control.    Mandamus.*

Where it appeared that in 1966, within the time allowed by G. L. c. 41, § 81U, for final action by a town's planning board on an application for approval of a definitive subdivision plan and filing of a certificate of its action with the town clerk, the board sent the applicant a letter stating that if "nothing . . . [was] received" from him by the expiration of such time the board would "have to disapprove" the plan and that "barring any action by . . . [then], this letter . . . [should] be construed as a disapproval of . . . [the] plan," that within such time the board filed with the town clerk a carbon copy of the letter but nothing more, that no appeal under § 81BB was taken within the period allowed therefor, and that after the expiration of the period for

appeal the applicant requested of the town clerk a certificate of constructive approval under § 81V, it was held that, even if the letter sent by the board to the applicant amounted to final action by it on the plan, the carbon copy of the letter filed with the town clerk did not constitute a certificate of its action within § 81U, that the plan was constructively approved under § 81U, and that the applicant was entitled to the town clerk's certificate thereof.

PETITION for a writ of mandamus filed in the Superior Court on October 26, 1966.

The case was heard by *Meagher*, J.

The case was submitted on briefs.

*Manuel Moutinho, Jr.*, Town Counsel, for the respondent.

*James L. Allen* for the petitioner.

SPALDING, J. The objective of this petition for a writ of mandamus is to compel the town clerk of Ludlow to certify, in accordance with G. L. c. 41, § 81V, that the petitioner's subdivision plan has been approved. The case was heard on a statement of agreed facts.

At all times here relevant the respondent was the duly elected town clerk of Ludlow. Throughout this period the subdivision control law contained in G. L. c. 41, §§ 81K through 81GG, was in effect, the town having accepted the law. On February 14, 1966, the petitioner submitted to the planning board of the town for approval a definitive subdivision plan and filed notice of the submission with the respondent. The plan was submitted in accordance with § 81O, and a copy of the plan was filed with the board of health in conformity with § 81U.

Pursuant to § 81U the planning board granted the petitioner's applications for extensions of time. The last extension was granted on April 27, 1966, in these words: "At the request of Kay-Vee Realty Company, the Planning Board hereby grants an extension of time to May 23, 1966, so that no final action will be taken by the Board before this date."

On May 12, 1966, eleven days before the expiration date of the last extension, the planning board sent a letter to the petitioner which read as follows: "If nothing is received from you by May 23rd, we will have to disapprove your

above-mentioned subdivision, since the Board of Health has disapproved the plan because of poor percolation and drainage. Barring any action by this date, this letter will be construed as a disapproval of said plan." On May 13, 1966, the planning board filed with the respondent a carbon copy of this letter. Thereafter the board filed nothing further with the respondent; nor did the board advise the petitioner of any further action by it. After receiving the board's letter of May 12, the petitioner filed nothing more with the board. As of June 22, 1966, no appeal had been taken from the action or nonaction of the planning board.

After June 23, 1966, the petitioner requested the respondent as town clerk to issue a certificate pursuant to § 81V, that would state in substance that the planning board had failed to file with the respondent a certificate of its final action pertaining to the application for approval of the definitive subdivision plan and that therefore the plan was deemed to be approved by virtue of § 81U. The respondent advised the petitioner that she would not issue such a certificate. The petitioner desires to record its plan in the appropriate registry of deeds but without the certificate requested of the respondent it cannot do so. See § 81X.

On the basis of the foregoing facts, the judge ordered a writ of mandamus to issue directing the respondent under § 81V to certify that the subdivision plan has been approved. The respondent appealed.

General Laws c. 41, § 81U, as amended through St. 1960, c. 266, § 2, provides in part: "The planning board shall file a certificate of its action with the city or town clerk, a copy of which shall be recorded by him in a book kept for the purpose, and shall send notice of such action by registered mail, postage prepaid, to the applicant at his address stated on the application. . . . Failure of the planning board either to take final action or to file with the city or town clerk a certificate of such action regarding a plan submitted by an applicant within sixty days after such submission, or such further time as may be agreed upon at

the written request of the applicant, shall be deemed to be an approval thereof." We agree with the petitioner's contention that the planning board's action did not comply with the requirements of § 81U and resulted in a constructive approval of the plan.

First, it appears that the board took no valid "final action." It could be argued that the letter which the board mailed to the petitioner on May 12, 1966, even though its language was conditional and prospective, constituted "final action" under § 81U. But the extension which the planning board had granted on April 27, 1966, stated that no final action would be taken before May 23, 1966. Therefore it is doubtful that the May 12 letter was a valid final action, both because of the letter's wording and because of the time it was sent. It created an ambiguity where certainty was required.

But even if what the board did amounted to final action, the plan must be deemed approved because the board did not "file with the . . . town clerk a certificate of such action." § 81U. *Selectmen of Pembroke* v. *R. &. P. Realty Corp.* 348 Mass. 120. The carbon copy of the letter which the board filed with the respondent was not such a certificate. See *Pieper* v. *Planning Bd. of Southborough*, 340 Mass. 157, 161. A certificate has been defined as a "written assurance, or official representation, that some act has or has not been done, or some event occurred, or some legal formality [has] been complied with." Black's Law Dictionary (4th ed.). See *Dolan* v. *United States*, 133 Fed. 440, 449 (8th Cir.); *United States* v. *Naughten*, 195 F. Supp. 157 (N. D. Cal.). The filing of a certificate is required in order that all concerned may rely upon recorded action, or the absence thereof within stated times. *Selectmen of Pembroke* v. *R. & P. Realty Corp.* 348 Mass. 120, 125. The copy of the letter filed with the respondent did not qualify as a certificate; it was conditional and a person examining it would not know whether the board had finally approved or disapproved the plan.

The case of *Pieper* v. *Planning Bd. of Southborough*, 340

Mass. 157, on which the respondent relies, is distinguishable. In that case no certificate was filed, but the planning board had sent the applicant a letter which informed him that his plan was disapproved. He treated the board's denial as "final action" within the specified period and took an appeal under § 81BB. We held that in those circumstances, where the board's failure to comply strictly with § 81U affected only the applicant and where he had treated the board's action as final by appealing under § 81BB, he could not argue in the companion case seeking mandamus that the clerk must certify that the plan was never the subject of final board action. But here the petitioner did not treat the board's action as final and never appealed under § 81BB. Moreover, after the *Pieper* case was decided, the Legislature by St. 1960, c. 266, § 2, amended § 81U to provide that a plan was constructively approved not only if the board failed to take final action but also if it failed to file a certificate within sixty days. It is true that the petitioner, like the applicant in the *Pieper* case, did learn that the board would not approve the plan unless it was modified. Nevertheless, the provision of § 81U requiring the filing of the certificate within sixty days is available to the petitioner. This point is governed by *Selectmen of Pembroke* v. *R. & P. Realty Corp.* 348 Mass. 120, where the applicant's plan was held to be constructively approved because no certificate was filed within sixty days, even though within that period the applicant had received a letter stating that the plan was approved, provided eight conditions were satisfied.

Since the plan here was constructively approved and no appeal was taken, the petitioner is entitled under § 81V to receive a certificate from the respondent. Compare *Waldor Realty Corp.* v. *Town Clerk of Bellingham,* 350 Mass. 669. Accordingly, the judge rightly ordered the writ of mandamus to issue.

It is apparent that it was the intention of the planning board to disapprove the plan because the board of health had disapproved its drainage and percolation features. That such disapproval was not effectual was due to the fact that

the board had "blunder[ed] its way into a position where the plan became constructively approved." *Pinecrest, Inc.* v. *Planning Bd. of Billerica*, 350 Mass. 336, 339. But it does not follow that the town and the planning board are without means of relief. See *Selectmen of Pembroke* v. *R. & P. Realty Corp.* 348 Mass. 120, 128–129. The planning board is empowered under § 81W to modify, amend or rescind its "approval" of a plan. To afford the board, if so advised, an opportunity to modify, amend or rescind its constructive approval, judgment is not to be entered until after sixty days from the date of the rescript. See *Enos* v. *Brockton*, 354 Mass. 278, 282. If within such period the approval of the plan is modified, amended or rescinded the petition is to be dismissed; otherwise the order for judgment is affirmed.

*So ordered.*