HELEN F. CULLEN & others *vs.* PLANNING BOARD OF HADLEY & another. October 8, 1976. A judge of the Superior Court dismissed the plaintiffs' appeal from the board's approval of a subdivision plan on the ground that the appeal was not filed within the time prescribed by G. L. c. 41, § 81BB. The sole question before us is whether the plaintiffs' appeal was timely filed. 1. On February 5, 1974, the corporate developer (intervener) hand delivered an application for approval of the plan to the Hadley town clerk, for which a receipt was given. It is the plaintiffs' contention that the developer did not properly submit the subdivision application in either of the ways provided for in G. L. c. 41, § 81O, as it did not deliver it at a meeting of the planning board or send it by registered mail to the planning board, care of the town clerk, but instead hand-delivered it to the town clerk. The provisions of § 81O must be interpreted in light of the statute's purpose of providing notice to all concerned of any pending action so that they may rely on recorded actions or the absence thereof within stated times. *Selectmen of Pembroke* v. *R. & P. Realty Corp.* 348 Mass. 120, 125 (1964). The plaintiffs were aware of the pending application for subdivision approval and could easily have acquired knowledge of the date of the filing of the application by requesting the information at the town clerk's office. No useful purpose would be served by interpreting G. L. c. 41, § 81O, so narrowly as to preclude hand-delivery of applications to the town clerk's office. As a result the sixty-day period for planning board action (G. L. c. 41, § 81U) expired on April 6, 1974, and the subsequent filing of a decision on April 9, 1974, did not alter the commencement of the appeal period. *Selectmen of Pembroke* v. *R. & P. Realty Corp., supra,* at 126-127. 2. General Laws c. 41, § 81BB, requires that an appeal from the approval of a subdivision plan be entered "within twenty days after such decision has been recorded in the office of the ... town clerk *or within twenty days after the expiration of the required time as aforesaid,* as the case may be ..." (emphasis supplied). On Monday, April 29, 1974, the plaintiffs entered their appeal in the Superior Court. The twenty-day period for the filing of the appeal ran in this case from April 6, 1974, and expired on Friday, April 26, 1974. The plaintiffs make the argument that their appeal was timely because, under the provisions of Mass.R.Civ.P. 6(a), 365 Mass. 747

(1974), the appeal period did not begin on Saturday, April 6, 1974, but rather on Monday, April 8, 1974. Rule 6(a) did not take effect, however, until July 1, 1974. Without passing on the scope of the rule, we hold that it has no retroactive effect. It follows that the plaintiffs' appeal was not timely filed and that the Superior Court judge was not in error in dismissing it.

*Judgment affirmed.*

*Francis E. Collins, Jr.,* for the plaintiffs.

*Stephen B. Monsein* for Elder Jones Lumber Corporation, intervener.

*Elizabeth A. Porada* for the Planning Board of Hadley.