KASMIR KORKUCH, trustee, vs. PLANNING BOARD OF EASTHAM
& another.[1]

No. 87-1167.

Barnstable. May 11, 1988. — August 12, 1988.

Present: PERRETTA, DREBEN, & KASS, JJ.

*Subdivision Control*, Plan, Approval not required, Planning board. *Notice,*
Timeliness. *Statute*, Construction.

This court interpreted the provision of G. L. c. 41, § 81T, to require that a
person submitting a definitive plan of land to a planning board must
"simultaneously or very promptly" give written notice of such submission
to the town clerk. [308-309]
A developer who submitted a perimeter plan to a planning board under G. L.
c. 41, § 81P, seeking an endorsement that approval under the subdivision
control law was not required, but who did not give immediate or very
prompt written notice of the submission to the town clerk as required
by G. L. c. 41, § 81T, was not entitled to endorsement of his plan or
a certificate to that effect from the clerk pursuant to G. L. c. 41, § 81P,
when the planning board failed to act within fourteen days of the submis-
sion. [309]

CIVIL ACTION commenced in the Superior Court Department
on February 18, 1987.

The case was heard by *Herbert F. Travers, Jr.*, J., on a
motion for summary judgment.

*William Korkuch* for the plaintiff.

*Mark D. Carchidi*, Town Counsel, for Planning Board of
Eastham & another.

DREBEN, J.  On October 9, 1986, the plaintiff submitted a
perimeter plan to the planning board of Eastham under G. L.
c. 41, 81P, seeking an endorsement "approval under the sub-
division control law not required." He did not give notice to

---

[1] The town clerk of the town of Eastham.

the town clerk at the time of the submission of his plan. Having heard nothing from the board within fourteen days, the plaintiff, twenty days after his submission, purported by letter of October 28, 1986, to give the town clerk the notice required by G. L. c. 41, § 81T.[2] On the ground that fourteen days had elapsed since he had submitted his plan to the board, the plaintiff took the position that under § 81P the board had constructively determined that approval under the subdivision control law was not required. The plaintiff's letter also demanded that the clerk issue a certificate to that effect pursuant to § 81P.

The clerk refused, and the plaintiff filed an action in the nature of mandamus to compel the board to endorse the plan or the clerk to issue the certificate. After affidavits and responses to requests for admissions were filed, the motion judge, on cross motions, entered summary judgment in favor of the board and the town clerk. We affirm.

Section 81T lacks precision as to the timing of the filing of the notice, but its purpose and that of the other "relevant sections of the Subdivision Control Law is to set up an orderly procedure for definitive action within stated times, and for notice of that action in offices of record within stated times, so that all concerned may rely upon recorded action or the absence thereof within such times." See *Selectmen of Pembroke* v. *R. & P. Realty Corp.*, 348 Mass. 120, 125 (1964). See

---

[2] General Laws c. 41, § 81T, inserted by St. 1953, c. 674, § 7, provides in relevant part: "Every person submitting a definitive plan of land to the planning board of a . . . town for its approval or for a determination that approval is not required shall give written notice to the clerk of such . . . town by delivery or by registered mail . . . that he has submitted such a plan."

Section 81T, among other things, also specifies the contents of the notice.

[3] General Laws c. 41, § 81P, inserted by St. 1963, c. 363, § 1, provided: "If the board fails to act upon a plan submitted under this section or fails to notify the clerk of the . . . town and the person submitting the plan of its action within fourteen days after its submission, it shall be deemed to have determined that approval under the subdivision control law is not required, and it shall forthwith make such endorsement on said plan, and on its failure to do so forthwith the . . . town clerk shall issue a certificate to the same effect."

By St. 1987, c. 122, the fourteen-day period was extended to twenty-one days.

also *Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket*, 5 Mass. App. Ct. 206, 209 (1977). If the plaintiff's interpretation were followed and he were permitted to file the notice of submission at an unspecified time subsequent to a constructive determination that approval was not required, the intention of § 81P "that the state of the record at the town clerk's office determine the right to a certificate by the clerk . . . would be thwarted." *Selectmen of Pembroke*, *supra* at 126 (referring to § 81V).

If there were to be an appeal under G. L. c. 41, § 81BB, see *Gifford* v. *Planning Bd. of Nantucket*, 376 Mass. 801, 802 n.3 (1978), and cases cited, the town clerk's records would not show the facts determinative of the right to appeal. *Selectmen of Pembroke*, *supra* at 126. A person aggrieved by the constructive action of the board would not be able to learn from the office of record the definitive date from which the time for an appeal is measured. In addition, a requirement that the notice be filed at the time of the submission furthers the policy of limiting the period during which an appeal may be taken and precludes indefinite protraction of the appeal process. See *Building Inspector of Attleboro* v. *Attleboro Landfill, Inc.*, 384 Mass. 109, 111 (1981); *Capone* v. *Zoning Bd. of Appeals of Fitchburg*, 389 Mass. 617, 623 (1983); *Noe* v. *Board of Appeals of Hingham*, 13 Mass. App. Ct. 103, 111 (1982) (Dreben, J., dissenting); *Elder Care Servs., Inc.* v. *Zoning Bd. of Appeals of Hingham*, 17 Mass. App. Ct. 480, 482 (1984).

Where a statute "lacks precision," we must give it a construction which is reasonable and in accord with the purpose of its framers. *Capone* v. *Zoning Bd. of Appeals of Fitchburg*, 389 Mass. at 622-623. Accordingly, we interpret the provision of § 81T, see note 2, *supra*, to require that notice must be filed with the town clerk simultaneously or, at least, very promptly after submission to the board. Having failed to follow the requirements, the plaintiff was not entitled to an endorsement by the board or a certification from the town clerk.

*Judgment affirmed.*