## THERESA A. CRAIG *VS.* PLANNING BOARD OF HAVERHILL & others.[1]

No. 04-P-201.

Essex. February 16, 2005. - October 3, 2005.

Present: GELINAS, DOERFER, & MILLS, JJ.

*Subdivision Control,* Approval of plan.

In a civil action challenging a town planning board's approval of a proposed subdivision plan, the judge correctly ruled that the planning board's failure to act on the proposal within the appropriate time and its failure to file the formal notice of extension with the town clerk resulted in the constructive approval of that plan pursuant to G. L. c. 41, § 81U, fifth par. [679-681], and the judge did not err in declining to order a remand to address the planning board's ineffective post-constructive approval actions [681-682].

CIVIL ACTION commenced in the Superior Court Department on November 12, 1999.

The case was heard by *Diane M. Kottmyer,* J.

The case was submitted on briefs.

*William J. Bougioukas* for the plaintiff.

*Richard A. Hayes* for Louis Duquette.

GELINAS, J. In an action brought in Superior Court pursuant to G. L. c. 41, § 81BB, Theresa Craig challenged the Haverhill Planning Board's (board) approval of a subdivision plan submitted by defendant Louis Duquette regarding land on Old Ferry Road in Haverhill. After a jury-waived trial, the judge determined that the plan had been constructively approved according to the terms of G. L. c. 41, § 81U, as the statutory time for final disposition of the plan, and any period of extension, had lapsed. The judge further ruled that Craig's appeal was not timely, as it had been filed more than twenty days after the constructive approval. Although the plaintiff's expert had not

---

[1]City of Haverhill and Louis Duquette.

yet testified, the judge also indicated that the appeal, even if timely filed, was frivolous. The judge refused a remand to the board with respect to certain amendments to the plan, made by agreement between Duquette and the board subsequent to the original submission. Craig appeals, and we affirm.

*Facts.* Duquette submitted a preliminary plan to the board on May 6, 1999, proposing a four lot subdivision on land at 95 Old Ferry Road. He filed a definitive subdivision plan sixty-four days later, on July 9, 1999. The planning board reviewed the definitive plan at meetings held on August 11 and September 8, 1999. During the September 8 meeting, the board voted to table its decision on the plan until its next meeting, scheduled for October 13, 1999. The reason advanced was to allow Duquette to make necessary corrections to the plan, and to resubmit his proposal to the board. The minutes of this meeting indicate that Duquette agreed to a postponement to October 13,[2] and that the board might have an extension of twenty days from October 13 for the board to file its decision. The September 8 meeting notes were filed with the town clerk's office. The formal extension form, signed by Duquette, was never filed in the clerk's office, as required by G. L. c. 41, § 81U.[3]

At its meeting on October 13, 1999, the board approved the plan as modified. The board also noted that the twenty-day statutory appeals period would commence upon filing of the decision

[2]The minutes from this meeting state, "Vice-Chairman Moore noted that they requested a tabling from the applicant to the October 13, 1999 meeting with a 20-day extension for filing the decision. This would allow them to make the necessary corrections and bring the plan back before the board. . . . Member LoConte asked if the board was going to list the items to take care of before the next meeting. The chairman noted that they would do that. He also wanted to know if the developer would sign the extension form granting permission to go to the next meeting. The planner noted that he would have to fill out the form. . . . After board consideration, Member LoConte motioned to table to the October meeting based on all the comments made, notes to be entered on the drawings etc. from the various departments, wastewater, engineering, and conservation. Member Powers seconded the motion. The chairman noted that the developer agreed earlier to do what the board wanted." All but one member present voted in favor.

[3]The statute provides, in relevant part, that "[n]otice of such extension of time shall be filed forthwith by the planning board with the city or town clerk." G. L. c. 41, § 81U, fifth par., as amended by St. 1986, c. 699, § 2.

with the city clerk.[4] The board filed its decision on October 22, 1999. Craig filed an appeal pursuant to G. L. c. 41, § 81BB, on November 12, 1999.

Noting that since neither a notice of extension nor a final decision was filed in the town clerk's office until after ninety days from the filing of the definitive plan, the judge ruled that, under G. L. c. 41, § 81U, the plan was constructively approved as of October 7, 1999. She declared Craig's appeal a nullity, as it was not brought within the twenty-day appeal period under G. L. c. 41, § 81BB.[5] The judge entered judgment for the defendants. She refused to remand the case to the board, citing the length of time expended in the litigation and her assessment of Craig's appeal as frivolous even though Craig's expert witness had not yet testified.

*Discussion.* The statutory scheme of the subdivision control law is intended to "set up an orderly procedure for definitive action within stated times, and for notice of that action in offices of record within stated times, so that all concerned may rely upon recorded action or the absence thereof." *Selectmen of Pembroke* v. *R. & P. Realty Corp.*, 348 Mass. 120, 125 (1964). The subdivision control law specifically sets forth time-sensitive requirements for filing extensions and final decisions with the city or town clerk. See G. L. c. 41, § 81U. Such requirements

---

[4]G. L. c. 41, § 81BB, as amended by St. 1982, c. 533, § 2, provides in relevant part, "Any person, whether or not previously a party to the proceedings, . . . aggrieved . . . by any decision of a planning board concerning a plan of a subdivision of land, or by the failure of such a board to take final action concerning such a plan within the required time, may appeal to the superior court for the county in which said land is situated or to the land court; provided, that such appeal is entered within twenty days after such decision has been recorded in the office of the city or town clerk or within twenty days after the expiration of the required time as aforesaid, as the case may be, and notice of such appeal is given to such city or town clerk so as to be received within such twenty days. The court shall hear all pertinent evidence and determine the facts, and upon the facts so determined, shall annul such decision if found to exceed the authority of such board, or make such other decree as justice and equity may require."

[5]Alternatively, the judge found that even had the form authorizing an extension been filed in the clerk's office, it would have only extended the board's approval time until October 13, 1999. Even using October 13, 1999, as the constructive approval date, the judge ruled, Craig's November 12, 1999, appeal would still fall outside the established twenty-day appeal period under G. L. c. 41, § 81BB.

ensure that "an interested party [will] be able to ascertain at the town clerk's office the action or inaction of the board [that is] determinative of his rights." *Selectmen of Pembroke* v. *R. & P. Realty Corp.*, *supra* at 126.

Minutes of the September 8 meeting, while filed with the town clerk, did not constitute a valid notice of extension of the time within which the board was required to take action or to file its decision. While the minutes indicated that Duquette agreed to the extension, the extension form was not filed at the clerk's office as a notice of extension pursuant to G. L. c. 41, § 81U. Filing the minutes of the meeting, in which the extension was discussed, cannot serve as adequate notice under § 81U, as it does not provide the kind of notice necessary for an interested party to ascertain her rights. *Selectmen of Pembroke* v. *R. & P. Realty Corp.*, *supra* at 126-127.

Here, the judge correctly ruled that the planning board's failure to take action within the appropriate time resulted in the constructive approval of Duquette's original subdivision plan. G. L. c. 41, § 81U, fifth par., as amended by St. 1986, c. 699, § 2, provides that "the failure of a planning board either to take final action or to file with the city or town clerk a certificate of such action on the definitive plan within ninety days after such submission, or such further time as may be agreed upon at the written request of the applicant, shall be deemed to be an approval thereof. Notice of such extension of time shall be filed forthwith by the planning board with the city or town clerk." "Final action" within the meaning of the statute requires the filing of a final decision with the city or town clerk. Failure to file a final decision within either ninety days, or the time agreed upon in a filed notice of extension, will result in constructive approval of a plan. See *Selectmen of Pembroke* v. *R. & P. Realty Corp.*, 348 Mass. at 127 (final action regarding a plan under § 81U is inclusive of the filing of the certificate with the town clerk). See also *Stoner* v. *Planning Bd. of Agawam*, 358 Mass. 709, 714-715 (1971); *Building Inspector of Attleboro* v. *Attleboro Landfill, Inc.*, 384 Mass. 109, 113 (1981); *Zaltman* v. *Town Clerk of Stoneham*, 5 Mass. App. Ct. 248, 252 (1977); *Windsor* v. *Planning Bd. of Wayland*, 26 Mass. App. Ct. 650, 654 (1988) ("the filing must also have been accomplished by

the statutory or extended date in order to avoid the consequence of a constructive approval"). The board's subsequent filing on October 22, was thus, as the judge noted, a "nullity" and did not alter the appeal period. See *Cullen* v. *Planning Bd. of Hadley*, 4 Mass. App. Ct. 842 (1976) (filing of board's decision following expiration of the filing time period does not alter the commencement of the appeal period); *Windsor* v. *Planning Bd. of Wayland*, *supra* at 655.

We next consider the entry of judgment for the defendants without remand to the board. The judge did not err in declining to order a remand to address the board's ineffective post-constructive approval actions. See note 9, *infra*. However much the board "blunder[ed] its way" through the process, *Windsor* v. *Planning Bd. of Wayland*, *supra* at 655, quoting from *Kay-Vee Realty Co.* v. *Town Clerk of Ludlow*, 355 Mass. 165, 170 (1969), Craig's untimely appeal brought nothing upon which the Superior Court could act; there was, therefore, nothing to remand.[6] Contrast *Windsor* v. *Planning Bd. of Wayland*, *supra* at 653, 656-657, where this court's decision to order a remand in similar circumstances was premised on a timely appeal to the Superior Court.[7] Compare *Rinaldi* v. *State Bldg. Code Appeals Bd.*, 56 Mass. App. Ct. 668, 671 (2002) ("requirement of bringing an appeal [from an administrative decision] within the time provided [by statute] is jurisdictional; failure to observe the requirement robs the court of jurisdiction").[8]

Through inaction, and failure to file the formal notice of

[6]The judge determined that Craig's appeal was frivolous and would not merit remand even had the appeal been timely filed. Such a result might leave in place a constructively approved plan, substantially modified by private agreement between the board and the petitioner, a result not countenanced by *Windsor*. In this case, however, even had the Superior Court judge determined that Craig's appeal had merit, remand would be impossible.

[7]With attention to the record in the Town Clerk's office, Windsor timely appealed the constructive approval and thereafter the plan as approved by the board.

[8]Of course, nothing we have said today prevents the board, either on its own motion or on the petition of any interested person, from modifying, amending, or rescinding the constructive approval "or [from] requir[ing] a change in [Duquette's July 9, 1999, constructively approved] plan as a condition of its retaining the status of an approved plan." See G. L. c. 41, § 81W, as appearing in St. 1953, c. 647, § 7. See also *Sergi* v. *Planning Bd. of Kingston*, 60 Mass. App. Ct. 918, 920 (2004).

extension with the clerk, the board constructively approved Duquette's subdivision plan (as submitted on July 9, 1999) on October 7, 1999. G. L. c. 41, § 81U. The period in which Craig could appeal that approval expired twenty days thereafter, on October 27, 1999, G. L. c. 41, § 81BB. The board's subsequent defective "approval" — along with any "agreed" or "approved" modifications[9] — being a "nullity," are of no effect. *Windsor* v. *Planning Bd. of Wayland,* 26 Mass. App. Ct. at 655. As Craig did not file her appeal in the Superior Court until some weeks thereafter, on November 12, 1999, her appeal is untimely, and the Superior Court judge properly dismissed the action and entered judgment for the defendants. *Cullen* v. *Planning Bd. of Hadley,* 4 Mass. App. Ct. at 842-843.

*So ordered.*

---

[9]As noted above, at the October 13, 1999, meeting, the board purported to approve Duquette's final plan as subsequently modified. These modifications included sloped granite curbings rather than vertical curbings; a roadway width of twenty-eight feet in lieu of the otherwise required thirty-two; and a waiver of the sidewalk requirement on one side of the roadway. Additional plans, submitted before the October 13, 1999, meeting, and as requested at the September 8, 1999, meeting, addressed roadway alignment; line of sight issues at the intersection; and water and sewer concerns, including storm water drainage, sewer manhole locations, sewer line locations, and the location and configuration of a storm water detention basin.