LISA L. KUPPERSTEIN, individually and as trustee,[1] & another[2] *vs.* PLANNING BOARD OF COHASSET. No. 05-P-781. April 10, 2006. *Subdivision Control,* Approval of plan. *Statute,* Construction.

This action came before the Superior Court on the plaintiffs' complaint, captioned "Petition for Writ of Mandamus." The plaintiffs sought an order requiring the planning board for the town of Cohasset (board) forthwith to endorse a plan as "approval under the subdivision control law not required," and an order that the town clerk forthwith issue a certificate to the same effect. There is no dispute as to the facts, which are succinctly stated by the judge in his memorandum of decision and order on the plaintiffs' motion for judgment on the pleadings. Mass.R.Civ.P. 12(c), 365 Mass. 754 (1974).

The judge ruled that, pursuant to G. L. c. 41, § 81P, and the local rules and regulations of the board, the plaintiffs "are entitled to a constructive endorsement or approval of their [p]lan." However, the judge denied relief to the plaintiffs, stating that "permitting a constructive endorsement of [approval not required] status for a subdivision in this instance, on these facts, does not serve the underlying purpose of the [s]ubdivision [c]ontrol [l]aw."

The plaintiffs appeal, arguing that the judge had no authority to rule that the plan was constructively approved, but deny, as a matter of discretion, the practical relief that they sought. There was no appeal by the town from the judge's statement that the plaintiffs "are entitled to a constructive endorsement." The record establishes that entitlement.

The board argues that the judge had discretion to deny the plaintiffs' relief and was justified in considering the underlying purpose of the subdivision control law in denying that relief. We disagree.

The statute, G. L. c. 41, § 81P, is clear, and the Legislature utilized the mandatory word *shall* in several instances. The statute directs that the planning board *shall* give written notice of its determination to the clerk, and if not, the board "*shall* be deemed to have determined that approval . . . is not required, and it *shall* . . . make such endorsement on [the] plan, and [upon] its failure to do so . . . [the municipal] clerk *shall* issue a certificate to the same effect" (emphases supplied). G. L. c. 41, § 81P. In the event of a plan's constructive approval, the action of the board, or of the municipal clerk, is mechanical, and the landowner's entitlement to the endorsement and certificate is mandatory. The suggestion that a landowner must take some further action, beyond the type of action taken by the plaintiffs in this case, is unsupported in law. The plaintiffs are entitled, forthwith, to endorsement of the plan or to a certificate from the clerk. There is no other available or adequate remedy. The

---

[2]The plaintiff's request for an award of appellate attorney's fees is denied.
[1]Of Villa Lisa II Realty Trust and Villa Lisa III Realty Trust.
[2]Eric S. Kupperstein.

appellees' repeated insistence that mandamus is a discretionary remedy is misplaced in these circumstances. See *Kay-Vee Realty Co.* v. *Town Clerk of Ludlow*, 355 Mass. 165 (1969); *Lutheran Service Assn. of New England, Inc.* v. *Metropolitan Dist. Commn.*, 397 Mass. 341, 344 (1986); *Foley* v. *Commonwealth*, 437 Mass. 1016, 1017 (2002); *Zaltman* v. *Town Clerk of Stoneham*, 5 Mass. App. Ct. 248, 251 (1977); *J & R Inv., Inc.* v. *City Clerk of New Bedford*, 28 Mass. App. Ct. 1, 6-8 (1989). Compare *Craig* v. *Planning Bd. of Haverhill*, 64 Mass. App. Ct. 677, 681 (2005).

The judgment is vacated, and a new judgment shall enter directing the board to act in accordance with this opinion.

·    *So ordered.*

*Eric S. Kupperstein* for the plaintiffs.
*Kimberly M. Saillant* for the defendant.