Connon, Richard F., J.

INTRODUCTION

This is an appeal from a decision of the Truro Planning Board denying an approval of a definitive subdivision plan submitted by the plaintiffs alleging in their complaint that their plan was constructively approved.

BACKGROUND

The facts as taken from the submissions are as follows: the plaintiffs are the owners of land off of Sawyer’s Grove Road in Truro, Barnstable County, Massachusetts. Desirous of subdividing their property, they filed an application for a preliminary subdivision approval with the Town Clerk’s Office on December 7th, 2004. On June 13th of 2005, an application for a definitive approval of a subdivision plan was filed with the Town Clerk. On February 21st, 2006, the Planning Board voted to deny the subdivision plan submitted to the Board on June 30th of 2005. The reason for the denial is insignificant for the purpose of this discussion. The plaintiffs’ complaint in Count I alleged that the decision to deny the subdivision was arbitrary and capricious and exceeded the Board’s authority. The subject of this motion is Count II of the plaintiffs complaint, alleging that under G.L.c. 41, §81 (u), the requirement is that the Planning Board take final action within 90 days of the filing or record with the Town Clerk extensions of time beyond the 90-day period. It is alleged that neither event has occurred and consequently the plaintiffs’ definitive plan was constructively approved and the denial of February 21, 2006 is null and void. The defendant Board alleges that since the plaintiffs did not request a Certificate from the Town Clerk after the 20-day appeals period, that the approval had been final, and they are not entitled to summary judgment. That the plaintiffs’ appeal was filed in Superior Court on March 9th of 2006, within 21 days of the decision of the Planning Board, which was filed as per G.L.c. 41, §81 (bb). The Planning Board’s contention, supported in the record, is that counsel for the applicant had agreed to various extensions of time in order for the Board to review all of the submissions that had not been filed with the original definitive plan. The required information was necessary for the Board in reviewing whether or not to allow or deny the subdivision request.
Although the record of the proceedings indicates that there was an agreement to extend the Planning Board hearing for the purpose of gathering the requested information, there was no notice of any extension filed with the Town Clerk.

DISCUSSION

Summary judgment shall be granted where there are no issues as to any material fact in dispute and where the moving parfy is entitled to judgment as a matter of law. Cassesso v Commissioner of Corrections, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a trial issue, “and that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all the facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Cello-Tex v. Catrett, 477 U.S. 317, 322 (1986). What this case simply boils down to is the interpretation of the statute with respect to constructive approval of the plaintiffs’ application for a subdivision. The defendant’s position is that the plaintiffs are not entitled to summary judgment for three reasons: I. *199 That the plaintiffs agreed to an extension. II. That the plaintiffs have failed to take any action to perfect their claim of constructive approval. III. That if the application was constructively granted, the decision of the Planning Board in February was null and void.
I. Under G.L.c. 41, §81(u) it states in part: “The failure of a planning board either to take final action or to file with the city or town clerk a certificate of such action on the definitive plan within 90 days after such submission, or such further time as may be agreed, or at the written request of the applicant, shall be deemed to be an approval thereof. Notice of such extension of time shall be filed forthwith by the planning board with the city or town clerk.”
The facts are that no notice of an extension was ever filed with the town clerk. Had there been a constructive grant, it would have occurred in September of 2005, 90 days from the time that the definitive plan had been submitted. The attorney for the applicant in his deposition stated that there was an agreement to continue the public hearing until all the information could be obtained, which included a traffic study of the area.
The court must interpret G.L.c. 41, §81(u) and “where the language of the statute is plain, it must be interpreted in accordance with the usual and natural meaning of the words.” Gurley v Commonwealth, 363 Mass. 595, 598 (1973). Absent a clear indication to the contrary, statutory language is to be given its “ordinary lexical meaning.” Surrey v Lumberman’s Mutual Casualty Company, 384 Mass. 171 (1981). “While a court must normally follow the plain language of a statute, it need not adhere strictly to the statutory words if to do so would lead to an absurd result or contravene the clear intent of the legislature.” Commonwealth v Rahim, 441 Mass. 273, 278 (2004). The statute clearly states that the failure of the planning board either to take final action or to file with the city or town clerk a certificate of such action on a definitive plan within 90 days after such submission, or such further time as may be agreed upon at the written request of the applicant, shall be deemed to be an approval thereof. Notice of such extension of time shall be filed forthwith by the planning board with the city or town clerk. Although there were discussions on the record as to a continuation of a hearing until such time as additional information was provided by the applicant, there was no such extension filed by the Planning Board with the Town Clerk. It would be incumbent upon the Planning Board, in spite of the agreement to extend the hearings, to file an extension with the Town Clerk as required by the statute.
The statutory scheme of the subdivision control laws intended to set up an orderly procedure for definitive action within stated times, and for notice of that action in offices of record within stated times, so that all concerned may rely upon recorded action or the absence thereof. Craig v. Planning Board of Haver-hill, 64 Mass.App.Ct. 677 (2005). Failure to file a final decision within either 90 days or a time agreed upon in a filed notice of extension, will result in constructive approval of a subdivision plan. Craig v Planning Board of Haverhill, supra, 677. The Planning Board minutes indicated that the applicant had agreed to an extension, however it did not provide the kind of notice necessary for an interested parly to ascertain their rights. Craig v Planning Board of Haverhill, supra.
II. The second issue raised by the defendant is that the plaintiffs have failed to take any action to perfect their claim of constructive approval. In this regard, the defendants are relying on Chapter 41, §81(b) that the plaintiffs have not requested a certificate from the Town Clerk; that, after the expiration of the 21-day appeals period following the date of the alleged constructive approval that the plaintiffs would have been entitled to request a certificate from the Town Clerk stating that the approval had become final. Section 81(b) states that in the case of an approval of a plan by reason of the failure of the planning board to act within the time prescribed, the city or town clerk shall, after the expiration of 20 days without notice of appeal to the Superior Court or the Land Court, or in the event that an appeal has been taken after receipt of certified records of the Superior Court or the Land Court indicating that such approval has become final, issue a certificate stating the date of the submission of the plan for approval, the fact that the Planning Board failed to take final action, and that the approval resulting from such failure has become final. Section 81(b) does not contain any time requirements in which an applicant must request a certificate from the town clerk. The defendant cites the case of K.V. Realty Co., Inc. v Town Clerk of Ludlow, 355 Mass. 165. In this case, the town board had granted an extension to the applicant to a date in May of 1966 that, prior to that date expiring, the planning board had sent a letter to the applicant which read, “If nothing is received from you by May 23rd, we will have to disapprove your above-mentioned subdivision, since the Board of Health has disapproved the plan because of poor percolation and drainage.” The holding in that case is that the filing of a certificate with the town clerk is required in order that all concerned may rely upon the recorded action or the absence thereof within stated times. But the letter that the Planning Board had sent to the applicant did not qualify as a certificate in that it was conditional and the person examining it would not know whether the Board had finally approved or disapproved the plan.
The decision of the Planning Board in denying the applicant’s subdivision plan is a nullify as this court has decided that there was a constructive grant of the subdivision when the Board failed to act on the definitive plan within the 90-day period.